**STUBBS ALDERTON & MARKILES, LLP**
Daniel A. Rozansky (SBN 161647)
*drozansky@stubbsalderton.com*
Michael A. Bernet (SBN 306657)
*mbernet@stubbsalderton.com*
15260 Ventura Boulevard, 20th Floor
Sherman Oaks, California 91403
Telephone: (818) 444-4500
Facsimile: (818) 444-4520

Attorneys for Plaintiffs,
ADRIANA'S INSURANCE SERVICES INC., and
ADRIANA GALLARDO

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

ADRIANA'S INSURANCE SERVICES INC., a California corporation; and ADRIANA GALLARDO, an individual,

    Plaintiffs,

    v.

AUTO INTERNATIONAL INSURANCE AGENCY, INC., a California corporation; ERICK PEÑA, an individual; RICHARD WETZEL, an individual; OUTFRONT MEDIA OUTERNET INC., a Delaware corporation d/b/a Outfront Media; and DOES 1 through 10, inclusive,

    Defendants.

Case No.:  8:22-cv-174

**COMPLAINT FOR:**

1) **False Endorsement and Unfair Competition (15 U.S.C. § 1125(a))**

2) **Contributory False Endorsement (15 U.S.C. § 1125(a))**

3) **Vicarious False Endorsement (15 U.S.C. § 1125(a))**

4) **Violation of California Right of Publicity (Cal. Civ. Code § 3344)**

5) **Violation of Common Law Right of Publicity**

6) **Contributory Violation of Common Law Right of Publicity**

7) **Unfair Competition (Cal. Bus. & Prof. Code § 17200)**

**DEMAND FOR JURY TRIAL**

COMPLAINT

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

Plaintiffs ADRIANA'S INSURANCE SERVICES INC. ("Adriana's Insurance") and ADRIANA GALLARDO ("Gallardo") (each a "Plaintiff" and collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby alleges the following claims against Defendants AUTO INTERNATIONAL INSURANCE AGENCY, INC. ("AIIA"), ERICK PENA ("Pena"), RICHARD WETZEL ("Wetzel"), OUTFRONT MEDIA OUTERNET INC. ("Outfront Media"), and DOES 1 through 10, inclusive (each a "Defendant" and collectively, "Defendants"), as follows:

## SUMMARY

1.  Defendants have taken Adriana's Insurance's well-known promotional photograph of its founder, public figure Adriana Gallardo, which is used to promote Adriana's Insurance and other services, and photoshopped another person's face on to her body to advertise and sell competing insurance services. Defendants' even kept Ms. Gallardo's hair in the photoshopped image. Literally, they took someone else's face and pasted in on a photo of Ms. Gallardo. Defendants then took this photoshopped image and put it on a billboard advertising competing services that is located less than 2 miles from one of Adriana's Insurance locations, in order to promote their own directly competing insurance services. Despite Plaintiffs' efforts to amicably resolve this matter without the need for litigation, Defendants refuse to remove the infringing image from the billboard. Plaintiffs therefore have no choice but to bring this action to stop Defendants from engaging in further acts of false endorsement, right of publicity violations, copyright infringement and unfair competition, and to recover damages, as discussed further below.

## JURISDICTION AND VENUE

2.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United States – namely, the Lanham Act (15 U.S.C. § 1051, et seq.).

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law

STUBBS ALDERTON & MARKLES, LLP
15260 Ventura Blvd.
20TH Floor
Sherman Oaks, California 91403

claims, and that arise from the same case or controversy.

4.     Upon information and belief, this Court has personal jurisdiction over Defendants because they each transact substantial business in the State of California, including within this judicial district.

5.     Upon information and belief, venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(1), because Defendants each reside within this judicial district.

6.     Upon information and belief, venue is also proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to the claims at issue occurred within this judicial district.

**PARTIES**

7.     Plaintiff ADRIANA'S INSURANCE SERVICES INC. ("Adriana's Insurance") is, and at all relevant times was, a California corporation having a principal place of business located at 9445 Charles Smith Avenue, Rancho Cucamonga, California 91730,

8.     Plaintiff ADRIANA GALLARDO ("Gallardo") is, and at all relevant times was, an individual residing in Orange County, State of California.

9.     Defendant AUTO INTERNATIONAL INSURANCE AGENCY INC. ("AIIA") is, and at all relevant times was, a California corporation having a principal place of business located at 1508 N. Main Street, Santa Ana, California 92701.

10.     Upon information and belief, Defendant ERICK PENA ("Pena") is, and at all relevant times was, an individual residing in Orange County, State of California.

11.     Upon information and belief, Defendant RICHARD WETZEL ("Wetzel") is, and at all relevant times was, an individual residing in Orange County, State of California.

12.     Defendant OUTFRONT MEDIA OUTERNET INC. ("Outfront Media") is, and at all relevant times was, a Delaware corporation, qualified to do business in California, and doing business as Outfront Media, having a principal place of business

located at 405 Lexington Avenue, New York, New York 10174.

13.    Plaintiffs are ignorant of the true names of capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiffs will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiffs are informed and believe, and on that basis alleges, that each of the fictitiously named defendants are in some manner responsible, liable and/or obligated to Plaintiffs in connection with the acts alleged herein.

14.    Plaintiffs are informed and believe, and on based thereon alleges, that at all relevant times each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances.

## COMMON ALLEGATIONS

### A.    Background: Plaintiffs

15.    Plaintiff Adriana's Insurance is a well-known and highly successful insurance company, offering a wide range of insurance services, including but not limited to automobile insurance, that has been operating throughout Southern California for more than 22 years, with more than 60 offices in the region.

16.    Adriana's Insurance was founded in 2000, by Plaintiff Gallardo, who is a well-known and highly successful public figure.

17.    Gallardo was born in Mexico and immigrated to the United States approximately 32 years ago with a determination to succeed in the land of opportunity. At the suggestion of her mother, affectionately known as Doña Rosy, Gallardo created her first business: Adriana's Insurance.

18.    Despite of the challenges of being an immigrant woman venturing into

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

the male-dominated insurance industry, Gallardo has become one of Southern California's most successful businesswomen, and a symbol of leadership within the insurance industry.

19.    In addition to her success and recognition as the founder and face of Adriana's Insurance, Gallardo has separately become an inspirational figure within the Southern California community in her own right and has expanded her brand's offerings to cover a wide range of services and businesses.

20.    Gallardo also has a large social media following, including more than 500,000 followers across TikTok, Instagram and Facebook.

21.    Due to her celebrity status, Gallardo has also been interviewed many times on television, and been featured as a guest speaker, on such networks as Univision (USA and Los Angeles), Telemundo (Los Angeles), KTLA (Los Angeles), Estrella TV (Los Angeles), and Imagen Television (Mexico).

22.    Gallardo has also been interviewed and featured as a guest speak on many radio programs, such as LA Raza (Los Angeles, San Francisco and Las Vegas), Que Buena (Los Angeles), Jose 97.5 (Los Angeles), Radio formula (Mexico), Locutores en Accion (Mexico), and Acustik.mx (Mexico).

23.    Gallardo has also been a featured speaker at many public events, including as the keynote speaker at Small Business Expo (Los Angeles and San Diego), Posible LA (Los Angeles), a Panelist at Google roundtable "Empowering Latina Entrepreneurs in the Digital World" (USA), a Leadership and Teamwork Conference hosted by Pepsico (Mexico), a Leadership and Entrepreneurship Conference hosted by the National Chamber of Commerce (Mexico), a Team Building Conference hosted by ISA Corporativo (the largest marketing agency in Mexico), the annual keynote speaker since 2019 at the university's international congress, Benemérita Universidad Autónoma de Puebla, México (Mexico), the International consortium for business entrepreneurship, Universidad Autónoma de Nuevo León, Monterrey (Mexico), and a Leadership and Emotional Intelligence conference hosted by the Universidad Ejecutiva

del Estado de México (Mexico).

24.     Gallardo has also been recognized for her achievements and contributions to society by several organizations, nationally and internationally.  She has been awarded an Honorary Doctorate by the Universidad Ejecutiva del Estado de Mexico, and the "Key to the City" in both Santa Ana, California and Huntington Park, California.

25.     Gallardo was recently named one of "The Most Influential of 2021" by L.A.  Style  Magazine.   *See  https://lastylemagazine.com/the-most-influential-issue/adrianagallardo*.

26.     In connection with its business activities, and for approximately the last 22 years, Adriana's Insurance has regularly invested substantial amounts of time, effort and money in promoting its insurance services to the general public throughout the Southern California region, through various marketing channels, including without limitation television, radio, internet, newspapers, magazines, billboards, busses and bench advertisements, and at high traffic popular locations such as Dodgers Stadium, SoFi Stadium, Six Flags Magic Mountain, California Department of Motor Vehicles, and other event venues, to name a few.

27.     Many, if not most, of Adriana's Insurance promotional materials prominently feature images and/or the likeness of Gallardo and have been doing so throughout the Southern California region for approximately 22 years.

28.     Over the past approximately 22 years, Adriana's Insurance has spent significant money advertising its insurance services and those advertisements are associated with Gallardo's image and/or likeness, throughout Southern California.

29.     Through Adriana's Insurance's long, continuous and significant advertising throughout the Southern California region, promoting its insurance services and featuring the image and/or likeness of Gallardo, the public has come to associate Gallardo with Adriana's Insurance and its quality insurance services.

30.     As a result of Adriana's Insurance's extensive advertising efforts in

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

connection with the image and/or likeness of Gallardo, Adriana's Insurance has acquired extensive and highly valuable goodwill in its insurance services and its association with Gallardo.

**B.    Background: Defendants**

31.    Defendant Outfront Media is, and at all relevant times was, an advertising company that leases billboard space for commercial purposes in Southern California. Adriana's Insurance has worked with Outfront Media since at least as early as April 2021, to display advertising materials for Adriana's Insurance, including the Subject Work, on billboards, posters and busses throughout Southern California.

32.    Defendant AIIA is, and at all relevant times was, an insurance company offering automobile insurance services, operating throughout Southern California, which is a direct competitor of Adriana's Insurance, and has been operating since 2010.

33.    Upon information and belief, Defendant Pena is, and at all relevant times was, the Chief Executive Officer, and an owner, of AIIA.

34.    Upon information and belief, Wetzel is, and at all relevant times was, the Chief Operating Officer of AIIA.

**C.    AIIA's Misconduct**

35.    Since at least as early as January 2021, AIIA has operated a storefront located at 1508 N. Main Street, Santa Ana, California 92701 (the "Premises"), at which it offers its automobile insurance services to the public.

36.    Located directly across the street from the Premises is a billboard (the "Billboard"), which, upon information and belief, is owned and/or operated by Outfront Media.

37.    The Premises and Billboard are located less than two (2) miles from one of Adriana's Insurance's own storefronts, which is located at 1309 E. First Street, Santa Ana, California 92701, and which location has been operated by Adriana's Insurance since approximately the year 2000.

38.    Upon information and belief, since at least as early as January 2021, AIIA

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

has leased the Billboard from Outfront Media to promote AIIA's own automobile insurance services. A representative image of the Billboard and the Premises, which upon information and belief was captured in or around January 2021, and is publicly available online through Google Maps "Street View" is depicted below.



39.     As depicted in the image above, the Billboard did not feature the image and/or likeness of Gallardo.

40.     As mentioned above, in connection with its own insurance services, including but not limited to automobile insurance, Adriana's Insurance regularly advertises its insurance services through the use of billboard advertising, prominently featuring images and/or the likeness of Gallardo, throughout Southern California, including without limitation the image depicted below of Gallardo in a red dress and pointing directly at the viewer (the "Subject Work").

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403



41.    The Subject Work was created on or around September 16, 2020.

42.    Adriana's Insurance is the sole owner of the copyright to the Subject Work and is currently in the process registering the copyright to the Subject Work with the U.S. Copyright Office.  Adriana's Insurance believes that it has valid copyright claims against Defendants for the misconduct discussed herein.  Adriana's Insurance intends to seek leave to file an amended complaint in this action, in order to allege such copyright claims against Defendants, once Adriana's Insurance has obtained the copyright registration from the U.S. Copyright Office, in accordance with the Supreme Court's recent decision in *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019) (holding that a copyright claimant may not commence a copyright infringement claim until the copyright is registered with the U.S. Copyright Office).

43.    In addition to other images of Gallardo, Adriana's Insurance has widely used the Subject Work to promote Adriana's Insurance, including without limitation on billboard advertisements throughout Southern California, and other mediums, as depicted in the two images below.

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403





44.    Prior to the misconduct described herein, Adriana's Insurance even placed the Subject Work on billboards throughout Southern California through Defendant Outfront Media.

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

45.     Long after the general public, and in particular Southern California consumers, came to associate Gallardo with Adriana's Insurance, and after Adriana's Insurance began using the Subject Work to promote its insurance services, Defendant AIIA knowingly and intentionally created and distributed competing advertisements throughout Southern California, including but not limited to billboard advertisements, which prominently feature the image and/or likeness of Gallardo, and are likely to cause confusion and/or deceive the public as to Adriana's Insurance and AIIA's respective insurance services.

46.     In particular, AIIA recently created and distributed, in Southern California, the image depicted below (the "Infringing Work"), which is located on the Billboard directly across the street from the Premises.



47.     The Infringing Work appears to be a directly copied and modified (i.e., photoshopped) version of the Subject Work.  More specifically, it appears that AIIA took the Subject Work featuring the image and/or likeness of Gallardo, and

photoshopped and/or superimposed another person's face onto Gallardo's body, and without altering Gallardo's hair or body, in order to promote AIIA's own automobile insurances services, which directly compete with Adriana's Insurance, and in the same geographic area.

48.    AIIA knowingly and intentionally created, distributed and promoted the Infringing Work for commercial gain, and without Adriana Insurance's or Gallardo's consent.

49.    AIIA's conduct creates a likelihood of confusion with Adriana's Insurance, as consumers who see the Infringing Work are likely to associate it with Gallardo and Adriana's Insurance and based thereon incorrectly believe that AIIA's insurance services are affiliated with, sponsored and/or approved by Adriana's Insurance, when they are not.

50.    Through its unauthorized commercial use of the Infringing Work, AIIA has sought to improperly capitalize upon Adriana Insurance's positive reputation and extensive goodwill, and its endorsement by Gallardo.

51.    After discovering the Infringing Work in or around January 2022, representatives of Adriana's Insurance contacted AIIA directly, in an effort to have the Infringing Work removed from the Billboard to no avail.  That is, even after Adriana's Insurance notified AIIA that it objected to its uses of the Infringing Work and believes it violates many of Plaintiffs' rights, AIIA still refused to remove the Infringing Work.

52.    Upon information and belief, AIIA has profited from its unauthorized uses of the Infringing Work in amounts that are not yet known, but which will be determined according to proof at trial.

53.    Additionally, Plaintiffs have been harmed by AIIA's aforementioned misconduct in amounts that are not yet known, but which will be determined according to proof at trial.

54.    Upon information and belief, AIIA's aforementioned misconduct was willfully and intentionally undertaken in order to mislead, confuse and/or deceive

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

consumers as to the source, sponsorship, affiliation and/or endorsement of AIIA's insurance services.

55.    This is an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), such that Plaintiffs should be awarded enhanced damages and recovery of their reasonable attorneys' fees from AIIA in this case, as prevailing parties.

56.    Upon information and belief, AIIA's aforementioned misconduct was committed oppressively, fraudulently, and/or maliciously, such that exemplary damages are warranted pursuant to California Civil Code sections 3294(a) and 3344(a).

57.    Plaintiffs have been irreparably harmed by AIIA's misconduct and are without an adequate remedy at law.

58.    Absent the intervention of this Court, AIIA's misconduct will continue, and Plaintiffs and consumers will continue to be harmed.

**D.    Pena and Wetzel's Misconduct**

59.    After discovering the Infringing Work in or around January 2022, representatives of Adriana's Insurance contacted AIIA directly, and in particular spoke at least three times with Pena and Wetzel directly, in an effort to have the Infringing Work removed from the Billboard, but to no avail.  That is, even after Adriana's Insurance notified Pena and Wetzel that it objected to AIIA's uses of the Infringing Work, and believes it violates many of Plaintiffs' rights, Pena and Wetzel still refused to have AIIA remove the Infringing Work from the Billboard, and without justification.

60.    Upon information and belief, Pena and Wetzel intentionally induced AIIA to infringe (i) Adriana's Insurance's copyright in the Subject Work, (ii) Adriana's Insurance's endorsement by Gallardo, (iii) Gallardo's right to control her endorsements, and (iv) Gallardo's right of publicity in her image and/or likeness.

61.    Upon information and belief, at all relevant times, Pena and Wetzel had the right and ability to control AIIA and the content displayed on the Billboard, but knowingly chose to allow AIIA's misconduct to occur and even continue after being contacted directly by Adriana's Insurance about it, in order to obtain contain receiving

direct financial benefits for themselves and AIIA.

62.    Upon information and belief, Pena and Wetzel have an apparent or actual partnership with AIIA, have the ability to bind AIIA in transactions with third parties, and exercise joint ownership or control over AIIA.

63.    Upon information and belief, Pena and Wetzel have profited from AIIA's unauthorized uses of the Infringing Work in amounts that are not yet fully known, but which will be determined according to proof at trial.

64.    Additionally, Plaintiffs have been harmed by Pena and Wetzel's aforementioned misconduct, in amounts that are not yet fully known, but which will be determined according to proof at trial.

65.    This is an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), such that Plaintiffs should be awarded enhanced damages and recovery of their reasonable attorneys' fees from Pena and Wetzel in this case, as prevailing parties.

66.    Upon information and belief, Pena and Wetzel's aforementioned misconduct was committed oppressively, fraudulently, and/or maliciously, such that exemplary damages are warranted pursuant to California Civil Code sections 3294(a) and 3344(a).

67.    Plaintiffs have been irreparably harmed by Pena and Wetzel's misconduct and are without an adequate remedy at law.

68.    Absent the intervention of this Court, Pena and Wetzel's misconduct will continue, and Plaintiffs and consumers will continue to be harmed.

**E.    Outfront Media's Misconduct**

69.    As mentioned above, Adriana's Insurance has worked with Outfront Media since at least as early as April 2021, to display advertising materials for Adriana's Insurance on billboards throughout Southern California.

70.    Over the course of their business relationship, and continuing today, Adriana's Insurance regularly pays more than $31,000 per month to Outfront Media to promote Adriana's Insurance's business, including without limitation by using the

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

Subject Work on billboards, posters and busses throughout Southern California.

71.    By reason of Outfront Media's prior advertising relationship with Adriana's Insurance, Outfront Media was, at all relevant times, well aware of (i) Adriana Insurance's rights in and to, and uses of, the Subject Work, (ii) Adriana's Insurance's endorsement by Gallardo, (iii) Gallardo's right of publicity in her image and/or likeness, and (iv) and of the false endorsement and/or infringing nature of the Infringing Work.

72.    Notwithstanding Outfront Media's prior knowledge of Plaintiffs' rights, and the infringing nature of the Infringing Work, Outfront Media knowingly and intentionally chose to participate in AIIA's deceptive and unlawful misconduct, by allowing the Infringing Work to be prominently featured on the Billboard for commercial purposes, in exchange for money.

73.    After discovering the Infringing Work in or around January 2022, representatives of Adriana's Insurance contacted Outfront Media directly in an effort to have the Infringing Work removed from the Billboard, but to no avail.  That is, even after Adriana's Insurance notified Outfront Media that it objected to its display of the Infringing Work on the Billboard, and believes it violates many of Plaintiffs' rights, Outfront Media still refused to remove the Infringing Work from the Billboard, and without justification.

74.    Upon information and belief, Outfront Media continues to supply a product or service (i.e., the Billboard) to AIIA with knowledge that it is being actively used by AIIA to infringe (i) Adriana's Insurance's copyright in the Subject Work, (ii) Adriana's Insurance's endorsement by Gallardo, (iii) Gallardo's right to control her endorsements, and (iv) Gallardo's right of publicity in her image and/or likeness.

75.    Upon information and belief, at all relevant times, Outfront Media had the right and ability to control AIIA and the Billboard, but knowingly chose to allow AIIA's misconduct to occur and even continue after being contacted directly by Adriana's Insurance about it, in order to continue receiving direct financial benefits for

Stubbs Alderton & Markiles, LLP
15260 Ventura Blvd.
20th Floor
Sherman Oaks, California 91403

itself and AIIA.

76.     Plaintiffs have been harmed by Outfront Media's aforementioned misconduct, in amounts that are not yet known, but which will be determined according to proof at trial.

77.     This is an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), such that Plaintiffs should be awarded enhanced damages and recovery of their reasonable attorneys' fees from Outfront Media in this case, as prevailing parties.

78.     Upon information and belief, Outfront Media's aforementioned misconduct was committed oppressively, fraudulently, and/or maliciously, such that exemplary damages are warranted pursuant to California Civil Code sections 3294(a) and 3344(a).

79.     Plaintiffs have been irreparably harmed by Outfront Media's misconduct and are without an adequate remedy at law.

80.     Absent the intervention of this Court, Outfront Media's misconduct will continue, and Plaintiffs and consumers will continue to be harmed.

## **FIRST CAUSE OF ACTION**

### **(For False Endorsement and Unfair Competition – 15 U.S.C. § 1125(a))**

### **(By Adriana's Insurance and Gallardo Against AIIA)**

81.     Plaintiffs repeat, re-allege and hereby incorporate by reference, as though specifically pleaded herein, each of the allegations contained in the paragraphs above.

82.     AIIA is knowingly and intentionally using, in commerce, and in connection with goods or services, words, terms, names, symbols and/or devices, and/or combinations thereof, including without limitation distinctive attributes of Gallardo's identity, which falsely suggest an endorsement of AIIA's insurance services by Adriana's Insurance and/or Gallardo.

83.     AIIA's conduct is likely to cause confusion as to the origin, sponsorship or approval of AIIA's services.

84.     Upon information and belief, AIIA has gained direct financial benefits as

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

the result of its unlawful false endorsement activities.

85. Plaintiffs have been harmed by AIIA's conduct, in amounts that are not yet known, but which will be determined according to proof at trial.

86. Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to recover their actual damages from AIIA, plus AIIA's profits.

87. This is an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), such that Plaintiffs should be awarded enhanced damages and recovery of their reasonable attorneys' fees from AIIA in this case, as prevailing parties.

88. Pursuant to 15 U.S.C. § 1116(a), Plaintiffs are entitled to injunctive relief, prohibiting AIIA from engaging in further acts of false endorsement, and causing AIIA to, at its own expense, remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising.

## SECOND CAUSE OF ACTION

### (For Contributory False Endorsement and Unfair Competition – 15 U.S.C. § 1125(a), By Adriana's Insurance and Gallardo Against Pena and Wetzel)

89. Plaintiffs repeat, re-allege and hereby incorporate by reference, as though specifically pleaded herein, each of the allegations contained in the paragraphs above.

90. Upon information and belief, Pena and Wetzel intentionally induced AIIA to engage in the false endorsement activity described herein.

91. Upon information and belief, Pena and Wetzel have gained direct financial benefits as the result of AIIA's unlawful false endorsement activities.

92. Upon information and belief, after being contacted directly by Adriana's Insurance about the false endorsement activity, Pena and Wetzel knowingly and intentionally allowed AIIA to continue engaging in the false endorsement activity in order to maintain and further AIIA, Pena and Wetzel's direct financial benefits.

93. Plaintiffs have been harmed by Pena and Wetzel's conduct, in amounts that are not yet fully known, but which will be determined according to proof at trial.

94. Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to recover their

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

actual damages from Pena and Wetzel, plus Pena and Wetzel's profits.

95.    This is an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), such that Plaintiffs should be awarded enhanced damages and recovery of their reasonable attorneys' fees from Pena and Wetzel in this case, as prevailing parties.

96.    Pursuant to 15 U.S.C. § 1116(a), Plaintiffs are entitled to injunctive relief, prohibiting Pena and Wetzel from allowing AIIA to engage in further acts of false endorsement, and causing Pena and Wetzel to, at their own expense, remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising.

97.    As a contributory infringer, Pena and Wetzel should also be held jointly and severally liable with AIIA for its acts of false endorsement.

## THIRD CAUSE OF ACTION

**(For Vicarious False Endorsement and Unfair Competition – 15 U.S.C. § 1125(a), By Adriana's Insurance and Gallardo Against Outfront Media)**

98.    Plaintiffs repeat, re-allege and hereby incorporate by reference, as though specifically pleaded herein, each of the allegations contained in the paragraphs above.

99.    Upon information and belief, Outfront Media knowingly and intentionally supplied a product or service (i.e., the Billboard) to AIIA with knowledge that it would be used by AIIA to engage in false endorsement activity, for the purpose of gaining direct financial benefits for Outfront Media.

100.   Upon information and belief, Outfront Media has gained direct financial benefits as the result of AIIA's false endorsement activities using the Billboard, through the payment of fees for usage of the Billboard from AIIA to Outfront Media.

101.   Upon information and belief, after being contacted directly by Adriana's Insurance about the false endorsement activity on the Billboard, Outfront Media knowingly and intentionally allowed AIIA to continue engaging in the false endorsement activity, in order to maintain and further Outfront Media and AIIA's direct financial benefits.

102.   That is, despite having the right and ability to control the content displayed on the Billboard, and with the knowledge that the Billboard is being actively used by AIIA to engage in false endorsement activity, Outfront Media has chosen to take no action to remove the Infringing Work from the Billboard so as not to interfere with Outfront Media and AIIA's financial interests, notwithstanding the harm being done to Plaintiffs and consumers as a result thereof.

103.   Plaintiffs have been harmed by Outfront Media's conduct, in amounts that are not yet known, but which will be determined according to proof at trial.

104.   Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to recover their actual damages from Outfront Media, plus Outfront Media's profits.

105.   This is an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), such that Plaintiffs should be awarded enhanced damages and recovery of their reasonable attorneys' fees from Outfront Media in this case, as prevailing parties.

106.   Pursuant to 15 U.S.C. § 1116(a), Plaintiffs are entitled to injunctive relief, prohibiting Outfront Media from allowing AIIA to engage in further acts of false endorsement, and causing Outfront Media to, at its own expense, remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising.

107.   As a contributory infringer, Outfront Media should also be held jointly and severally liable with AIIA for its acts of false endorsement.

## FOURTH CAUSE OF ACTION

### (For Violation of California Right of Publicity – Cal. Civ. Code § 3344)

### (By Gallardo Against AIIA)

108.   Plaintiffs repeat, re-allege and hereby incorporate by reference, as though specifically pleaded herein, each of the allegations contained in the paragraphs above.

109.   AIIA is knowingly using Gallardo photograph, image and/or likeness, on the Billboard, for purposes of advertising AIIA's services, without Gallardo's consent.

110.   Upon information and belief, AIIA has profited from its unauthorized uses

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

of Gallardo's photograph, image and/or likeness.

111.   Gallardo has been harmed by AIIA's conduct, in amounts that are not yet known, but which will be determined according to proof at trial.

112.   Pursuant to California Civil Code section 3344(a), Gallardo is entitled to recover her actual damages from AIIA, plus AIIA's profits.

113.   Pursuant to California Civil Code section 3344(a), Gallardo is entitled to recover her reasonable attorneys' fees from AIIA, as a prevailing party.

114.   AIIA's misconduct was committed oppressively, fraudulently, and/or maliciously, such that exemplary damages are warranted pursuant to California Civil Code sections 3294(a) and 3344(a).

## **FIFTH CAUSE OF ACTION**

### **(For Violation of Common Law Right of Publicity)**

### **(By Gallardo Against AIIA)**

115.   Plaintiffs repeat, re-allege and hereby incorporate by reference, as though specifically pleaded herein, each of the allegations contained in the paragraphs above.

116.   AIIA is knowingly using Gallardo identity, persona, photograph, image and/or likeness, on the Billboard, for purposes of advertising AIIA's services, without Gallardo's consent.

117.   Upon information and belief, AIIA has profited from its unauthorized uses of Gallardo's identity, persona, photograph, image and/or likeness.

118.   Gallardo has been harmed by AIIA's conduct, in amounts that are not yet known, but which will be determined according to proof at trial.

119.   Gallardo is entitled to recover her actual damages from AIIA, plus AIIA's profits.

120.   AIIA's misconduct was committed oppressively, fraudulently, and/or maliciously, such that exemplary damages are warranted pursuant to California Civil Code sections 3294(a).

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

## SIXTH CAUSE OF ACTION

### (For Contributory Violation of Common Law Right of Publicity)

### (By Gallardo Against Pena, Wetzel and Outfront Media)

121.   Plaintiffs repeat, re-allege and hereby incorporate by reference, as though specifically pleaded herein, each of the allegations contained in the paragraphs above.

122.   Upon information and belief, Pena, Wetzel and Outfront Media have knowingly aided and abetted, and (in the case of Pena and Wetzel) authorized and directed, AIIA's unlawful uses of Gallardo identity, persona, photograph, image and/or likeness, on the Billboard, without Gallardo's consent.

123.   Upon information and belief, Pena, Wetzel and Outfront Media have profited from AIIA's unauthorized uses of Gallardo's identity, persona, photograph, image and/or likeness.

124.   Gallardo has been harmed by Pena, Wetzel and Outfront Media's conduct, in amounts that are not yet known, but which will be determined according to proof at trial.

125.   Gallardo is entitled to recover her actual damages from Pena, Wetzel and Outfront Media, plus Pena, Wetzel and Outfront Media's profits.

126.   Pena, Wetzel and Outfront Media's misconduct was committed oppressively, fraudulently, and/or maliciously, such that exemplary damages are warranted pursuant to California Civil Code sections 3294(a).

127.   As contributory infringers, Pena, Wetzel and Outfront Media should also be held jointly and severally liable with AIIA for its violations of Gallardo's common law right of publicity.

## SEVENTH CAUSE OF ACTION

### (For Unfair Competition – Cal. Bus. & Prof. Code § 17200)

### (By Adriana's Insurance and Gallardo Against All Defendants)

128.   Plaintiffs repeat, re-allege and hereby incorporate by reference, as though specifically pleaded herein, each of the allegations contained in the paragraphs above.

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

129.   California Business and Professional Code section 17200, et seq. (the "UCL") prohibits unfair competition, that is, any unlawful, unfair or fraudulent business act or practice.

130.   Defendants have committed acts of unfair competition as defined by the UCL.   The aforesaid acts by Defendants are likely to cause injury to Plaintiffs' reputation and/or goodwill, and result in Defendants unfairly competing with Plaintiffs in violation of the UCL.

131.   Defendants' actions as alleged above violate the "unfair" prong of the UCL because (a) the utility of such actions is outweighed by the gravity of the harm they cause to Plaintiffs; (b) such actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs and consumers; and (c) such actions constitute incipient violations of state and federal antitrust laws.

132.   Defendants' actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

133.   Defendants' actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth in the causes of action above.   Defendants' violations of each of those statutes represents an independently actionable unlawful business practice in violation of the UCL.

134.   The UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition.

135.   Defendants' conduct has injured Plaintiffs and unless enjoined, will continue to cause great, immediate and irreparable injury to Plaintiffs.

136.   Plaintiffs are without an adequate remedy at law, and are therefore entitled to injunctive relief, equitable relief, and an order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to California Business and Professions Code § 17203.   If Defendants' activities are not enjoined, Plaintiffs will continue to suffer

irreparable harm and injury to their reputation and goodwill. Plaintiffs are therefore entitled to injunctive relief, enjoining Defendants from continuing to (i) use the image and/or likeness of Gallardo, (ii) imply any endorsement by Gallardo and/or Adriana's Insurance, and (iii) use of Adriana's Insurance's copyrighted Subject Work, in connection with their own business activities.

137.   Plaintiffs are entitled to disgorge Defendants' profits realized from the foregoing misconduct.

138.   Plaintiffs are also entitled to injunctive relief, prohibiting Defendants from engaging in further acts of unfair competition, and requiring them to pay for the costs of corrective advertising.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment in their favor, and against Defendants, as follows:

**On the First Cause of Action (For False Endorsement and Unfair Competition – 15 U.S.C. § 1125(a), By Adriana's Insurance and Gallardo Against AIIA):**

139.   For recovery of AIIA's profits, pursuant to 15 U.S.C. § 1117(a);

140.   For recovery of Plaintiffs' actual damages, pursuant to 15 U.S.C. § 1117(a);

141.   For enhanced damages, pursuant to 15 U.S.C. § 1117(a);

142.   For recovery of reasonable attorneys' fees, pursuant 15 U.S.C. § 1117(a); and

143.   For injunctive relief, pursuant to 15 U.S.C. § 1116(a), prohibiting AIIA from engaging in further acts of false endorsement, and causing AIIA to, at its own expense, remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising.

**On the Second Cause of Action (For Contributory False Endorsement and Unfair Competition – 15 U.S.C. § 1125(a), By Adriana's Insurance and Gallardo**

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**Against Pena and Wetzel):**

144.    For recovery of Pena and Wetzel's profits, pursuant to 15 U.S.C. § 1117(a);

145.    For recovery of Plaintiffs' actual damages, pursuant to 15 U.S.C. § 1117(a);

146.    For enhanced damages, pursuant to 15 U.S.C. § 1117(a);

147.    For recovery of reasonable attorneys' fees, pursuant 15 U.S.C. § 1117(a)

148.    That Pena and Wetzel be held jointly and several liable with AIIA for its acts of false endorsement; and

149.    For injunctive relief, pursuant to 15 U.S.C. § 1116(a), prohibiting Pena and Wetzel from allowing AIIA to engage in further acts of false endorsement, and causing Pena and Wetzel to, at their own expense, remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising.

**On the Third Cause of Action (For Vicarious False Endorsement and Unfair Competition – 15 U.S.C. § 1125(a), By Adriana's Insurance and Gallardo Against Outfront Media):**

150.    For recovery of Outfront Media's profits, pursuant to 15 U.S.C. § 1117(a);

151.    For recovery of Plaintiffs' actual damages, pursuant to 15 U.S.C. § 1117(a);

152.    For enhanced damages, pursuant to 15 U.S.C. § 1117(a);

153.    For recovery of reasonable attorneys' fees, pursuant 15 U.S.C. § 1117(a)

154.    That Outfront Media be held jointly and several liable with AIIA for its acts of false endorsement; and

155.    For injunctive relief, pursuant to 15 U.S.C. § 1116(a), prohibiting Outfront Media from allowing AIIA to engage in further acts of false endorsement, and causing Outfront Media to, at its own expense, remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising.

///

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**On the Fourth Cause of Action (For Violation of California Right of Publicity – Cal. Civ. Code § 3344, By Gallardo Against AIIA):**

156.   For recovery of AIIA's profits, pursuant to Cal. Civ. Code § 3344(a);

157.   For recovery of Gallardo's actual damages, pursuant to Cal. Civ. Code § 3344(a);

158.   For recovery of reasonable attorneys' fees, pursuant to Cal. Civ. Code § 3344(a);

159.   For recovery of punitive damages, pursuant to Cal. Civ. Code §§ 3294(a), 3344(a); and

160.   For injunctive relief, prohibiting AIIA from continuing to use and/or profit from the image and/or likeness of Gallardo, and requiring AIIA to, at its own expense, remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising.

**On the Fifth Cause of Action (For Violation of Common Law Right of Publicity, By Gallardo Against AIIA):**

161.   For recovery of AIIA's profits;

162.   For recovery of Gallardo's actual damages;

163.   For recovery of punitive damages, pursuant to Cal. Civ. Code § 3294(a); and

164.   For injunctive relief, prohibiting AIIA from continuing to use and/or profit from the image and/or likeness of Gallardo, and requiring AIIA to, at its own expense, remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising.

**On the Sixth Cause of Action (For Contributory Violation of Common Law Right of Publicity, By Gallardo Against Pena, Wetzel and Outfront Media):**

165.   For recovery of Pena, Wetzel and Outfront Media's profits;

166.   For recovery of Gallardo's actual damages;

167.   For recovery of punitive damages, pursuant to Cal. Civ. Code § 3294(a);

168.   That Pena, Wetzel and Outfront Media be held jointly and several liable with AIIA for its violations of Gallardo's right of publicity; and

169.   For injunctive relief, prohibiting Pena, Wetzel and Outfront Media from continuing to allow AIIA to use and/or profit from the image and/or likeness of Gallardo, and requiring Pena, Wetzel and Outfront Media to, at their own expense, remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising.

**On the Seventh Cause of Action (For Unfair Competition – Cal. Bus. & Prof. Code § 17200, By Adriana's Insurance and Gallardo Against All Defendants):**

170.   For disgorgement of Defendants' profits; and

171.   For injunctive relief, prohibiting Defendants from engaging in furthers act of unfair competition, and/or allowing further acts of unfair competition to occur, including without limitation by requiring Defendants, at their own expense, to remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising.

**On All Causes of Action:**

172.   For preliminary injunctive relief, prohibiting Defendants from continuing to use and/or profit from the Infringing Work, as well as the image and/or likeness of Gallardo, during the pendency of this action, including without by requiring Defendants, at their own expense, to pay for the remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising;

173.   For permanent injunctive relief, prohibiting Defendants from continuing to use and/or profit from the Infringing Work, as well as the image and/or likeness of Gallardo, following the conclusion of this action, including without by requiring Defendants, at their own expense, to pay for the remove the Infringing Work from the Billboard, and to pay for the costs and distribution of corrective advertising;

174.   For costs of suit; and For such other and further relief as the Court may

1  deem just and proper.

2                       **<u>DEMAND FOR JURY TRIAL</u>**

3           Plaintiffs hereby demand a jury trial for all issues triable by jury.

4

5  Dated: February 1, 2022                **STUBBS ALDERTON & MARKILES, LLP**

6

7                                         By: _____

8                                            Daniel A. Rozansky
                                             Michael A. Bernet
9                                            Attorneys for Plaintiffs,
                                             **ADRIANA'S INSURANCE SERVICES**
10                                           **INC., and ADRIANA GALLARDO**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT