**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN S. PINK, SB# 179685
E-Mail: Jonathan.Pink@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant OUTFRONT MEDIA OUTERNET INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

ADRIANA'S INSURANCE SERVICES, INC., a California corporation; and ADRIANA GALLARDO, an individual,

Plaintiffs,

vs.

AUTO INTERNATIONAL INSURANCE AGENCY, INC., a California corporation; ERICK PENA, an individual; RICHARD WETZEL, an individual; OUTFRONT MEDIA OUTERNET INC., a Delaware corporation d/b/a Outfront Media; and DOES 1 through 10, inclusive,

Defendants.

---

OUTFRONT MEDIA OUTERNET INC., a Delaware corporation d/b/a Outfront Media,

Cross-Complainant,

vs.

AUTO INTERNATIONAL INSURANCE AGENCY, INC., a California corporation,

Cross Defendant.

Case No. 8:22-cv-00174-JLS-ADS

**DEFENDANT OUTFRONT MEDIA OUTERNET INC.'S ANSWER TO PLAINTIFFS' COMPLAINT;**

**CROSS-COMPLAINT FOR INDEMNITY AGAINST AUTO INTERNATIONAL INSURANCE AGENCY, INC.;**

**DEMAND FOR JURY TRIAL**

**Judge: Josephine L. Staton**

Trial Date: None Set

Defendant, OUTFRONT MEDIA OUTERNET INC. ("Outfront"), responds to Plaintiffs ADRIANA'S INSURANCE SERVICES, INC. and ADRIANA GALLARDO's ("Plaintiffs") Complaint ("Complaint") as set forth below. Unless expressly admitted herein, Outfront denies each allegation in the Complaint.

**SUMMARY**

1. As to the allegations contained in paragraph 1 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, the allegations are denied.

**JURISDICTION and VENUE**

2. As to the allegations contained in paragraph 2 of the Complaint, Outfront admits that this Court has original jurisdiction to hear claims founded on the Lanham Act and the U.S. Copyright Act.

3. As to the allegations contained in paragraph 2 of the Complaint, Outfront admits that this Court has supplemental jurisdiction to hear such state law claims as may arise from the same case or controversy as those facts giving rise to this Court's original jurisdiction pursuant to the Lanham Act and the U.S. Copyright Act.

4. As to the allegations contained in paragraph 4 of the Complaint, Outfront admits that this Court has personal jurisdiction of it. Beyond the foregoing, however, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph, and on that basis, those allegations are denied.

5. As to the allegations contained in paragraph 5 of the Complaint, Outfront admits that it has a corporate presence within this judicial district, and thus venue is proper here. Beyond the foregoing, however, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph, and on that basis, those allegations are denied.

6. As to the allegations contained in paragraph 6 of the Complaint, Outfront admits that it owns a billboard within this judicial district upon which co-defendants' advertisement was posted. Beyond the foregoing, however, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph, and on that basis, those allegations are denied.

**PARTIES**

7. As to the allegations contained in paragraph 7 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

8. As to the allegations contained in paragraph 8 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

9. As to the allegations contained in paragraph 9 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

10. As to the allegations contained in paragraph 10 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

11. As to the allegations contained in paragraph 11 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

12. As to the allegations contained in paragraph 12 of the Complaint, Outfront admits those allegations.

13. As to the allegations contained in paragraph 13 of the Complaint, Outfront objects to the inclusion of "Does 1-10", as there is no provision in the federal rules permitting the use of fictitious defendants. To the extent a response is required, Outfront is without sufficient knowledge or information to form a belief as

to these allegations and on that basis, the allegations are denied.

14. As to the allegations contained in paragraph 14 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

## COMMON ALLEGATIONS

15. As to the allegations contained in paragraph 15 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

16. As to the allegations contained in paragraph 16 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

17. As to the allegations contained in paragraph 17 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

18. As to the allegations contained in paragraph 18 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

19. As to the allegations contained in paragraph 19 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

20. As to the allegations contained in paragraph 20 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

21. As to the allegations contained in paragraph 21 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

22. As to the allegations contained in paragraph 22 of the Complaint,

Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

23. As to the allegations contained in paragraph 23 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

24. As to the allegations contained in paragraph 24 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

25. As to the allegations contained in paragraph 25 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

26. As to the allegations contained in paragraph 26 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

27. As to the allegations contained in paragraph 27 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

28. As to the allegations contained in paragraph 28 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

29. As to the allegations contained in paragraph 29 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

30. As to the allegations contained in paragraph 30 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

31. As to the allegations contained in paragraph 31 of the Complaint, Outfront admits that it is owns and leases billboard space to advertisers in Southern

California. Outfront further admits that plaintiff, Adrianna's Insurance Services, Inc. ("Adrianna's Insurance"), is a current client of, or has leased billboard space in the past from, Outfront. Beyond the foregoing, however, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, those allegations are denied.

32. As to the allegations contained in paragraph 32 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

33. As to the allegations contained in paragraph 32 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

34. As to the allegations contained in paragraph 34 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

35. As to the allegations contained in paragraph 35 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

36. As to the allegations contained in paragraph 36 of the Complaint, Outfront admits that it owns the billboard located at 1505 North Main Street in Santa Ana, California (the "Billboard"). As to the remainder of paragraph 36, however, Outfront lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, those allegations are denied.

37. As to the allegations contained in paragraph 37 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

38. As to the allegations contained in paragraph 38 of the Complaint, Outfront admits that Defendant Auto International Insurance Agency, Inc. ("AIIA") has been a client of Outfront since at least as early as January 2021, and that AIIA

was the advertiser-tenant on the Billboard during all or part of January 2021. As to the remainder of paragraph 38, however, Outfront lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, those allegations are denied.

39. As to the allegations contained in paragraph 39 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

40. As to the allegations contained in paragraph 40 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

41. As to the allegations contained in paragraph 41 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

42. As to the allegations contained in paragraph 42 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

43. As to the allegations contained in paragraph 43 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

44. As to the allegations contained in paragraph 44 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

45. As to the allegations contained in paragraph 45 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, those allegations are denied.

46. As to the allegations contained in paragraph 46 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding creation and distribution of the allegedly infringing work,

and on that basis, denies those allegations. As to the allegation contained in paragraph 46 of the Complaint, that the allegedly infringing work "is located on the Billboard," Outfront denies that allegation. Outfront admits, however, that the allegedly infringing work was mounted onto the Billboard in late January 2022, and that it was then removed on February 4, 2022, nearly a week prior to the filing of Plaintiffs' lawsuit.

47. As to the allegations contained in paragraph 47 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

48. As to the allegations contained in paragraph 48 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

49. As to the allegations contained in paragraph 49 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

50. As to the allegations contained in paragraph 50 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

51. As to the allegations contained in paragraph 51 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

52. As to the allegations contained in paragraph 52 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

53. As to the allegations contained in paragraph 53 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

54. As to the allegations contained in paragraph 54 of the Complaint,

Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

55. As to the allegations contained in paragraph 55 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

56. As to the allegations contained in paragraph 56 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

57. As to the allegations contained in paragraph 57 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

58. As to the allegations contained in paragraph 58 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

59. As to the allegations contained in paragraph 59 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

60. As to the allegations contained in paragraph 60 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

61. As to the allegations contained in paragraph 61 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

62. As to the allegations contained in paragraph 62 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

63. As to the allegations contained in paragraph 63 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of

the allegations, and on that basis, denies those allegations.

64. As to the allegations contained in paragraph 64 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

65. As to the allegations contained in paragraph 65 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

66. As to the allegations contained in paragraph 66 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

67. As to the allegations contained in paragraph 67 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

68. As to the allegations contained in paragraph 68 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

69. As to the allegations contained in paragraph 69 of the Complaint, Outfront admits those allegations.

70. As to the allegations contained in paragraph 70 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

71. As to the allegations contained in paragraph 71 of the Complaint, Outfront denies those allegations.

72. As to the allegations contained in paragraph 72 of the Complaint, Outfront denies those allegations.

73. As to the allegations contained in paragraph 73 of the Complaint, Outfront admits Plaintiff contacted Outfront in an effort to have the allegedly infringing work removed from the Billboard, but Outfront denies that it refused or

failed to remove the allegedly infringing work from the Billboard. Outfront removed the allegedly infringing work from the Billboard on February 4, 2022, six days prior to plaintiffs filing of this lawsuit.

74. As to the allegations contained in paragraph 74 of the Complaint, Outfront denies those allegations.

75. As to the allegations contained in paragraph 75 of the Complaint, Outfront denies those allegations.

76. As to the allegations contained in paragraph 76 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

77. As to the allegations contained in paragraph 77 of the Complaint, Outfront denies those allegations.

78. As to the allegations contained in paragraph 78 of the Complaint, Outfront denies those allegations.

79. As to the allegations contained in paragraph 79 of the Complaint, Outfront denies those allegations.

80. As to the allegations contained in paragraph 80 of the Complaint, Outfront denies those allegations.

## FIRST CAUSE OF ACTION

81. As to paragraph 81, Outfront incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-80, above.

82. As to the allegations contained in paragraph 82 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

83. As to the allegations contained in paragraph 83 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

84. As to the allegations contained in paragraph 84 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

85. As to the allegations contained in paragraph 85 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

86. As to the allegations contained in paragraph 86 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

87. As to the allegations contained in paragraph 87 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

88. As to the allegations contained in paragraph 88 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

## SECOND CAUSE OF ACTION

89. As to paragraph 89, Outfront incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-88, above.

90. As to the allegations contained in paragraph 90 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

91. As to the allegations contained in paragraph 91 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

92. As to the allegations contained in paragraph 92 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

93. As to the allegations contained in paragraph 93 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

94. As to the allegations contained in paragraph 94 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

95. As to the allegations contained in paragraph 95 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

96. As to the allegations contained in paragraph 96 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

97. As to the allegations contained in paragraph 97 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

## THIRD CAUSE OF ACTION

98. As to paragraph 98, Outfront incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-97, above.

99. As to the allegations contained in paragraph 99 of the Complaint, Outfront denies those allegations.

100. As to the allegations contained in paragraph 100 of the Complaint, Outfront denies that it profited "as a result of AIIA's [alleged] false endorsement activities." Outfront admits that it is in the business of leasing billboard space to clients with the intention of earning a profit on such leases.

101. As to the allegations contained in paragraph 101 of the Complaint, Outfront denies those allegations.

102. As to the allegations contained in paragraph 102 of the Complaint,

Outfront denies those allegations.

103. As to the allegations contained in paragraph 103 of the Complaint, Outfront denies those allegations.

104. To the extent allegations contained in paragraph 104 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 104 of the Complaint, Outfront denies those allegations.

105. To the extent allegations contained in paragraph 105 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 105 of the Complaint, Outfront denies those allegations.

106. To the extent allegations contained in paragraph 106 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 106 of the Complaint, Outfront denies those allegations.

107. To the extent allegations contained in paragraph 107 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 107 of the Complaint, Outfront denies those allegations.

**FOURTH CAUSE OF ACTION**

108. As to paragraph 108, Outfront incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-107, above.

109. As to the allegations contained in paragraph 109 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

110. As to the allegations contained in paragraph 110 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of

the allegations, and on that basis, denies those allegations.

111. As to the allegations contained in paragraph 111 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

112. As to the allegations contained in paragraph 112 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

113. As to the allegations contained in paragraph 113 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

114. As to the allegations contained in paragraph 114 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

## FIFTH CAUSE OF ACTION

115. As to paragraph 115, Outfront incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-114, above.

116. As to the allegations contained in paragraph 116 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

117. As to the allegations contained in paragraph 117 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

118. As to the allegations contained in paragraph 118 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

119. As to the allegations contained in paragraph 119 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of

the allegations, and on that basis, denies those allegations.

120. As to the allegations contained in paragraph 120 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

## SIXTH CAUSE OF ACTION

121. As to paragraph 121, Outfront incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-120, above.

122. As to the allegations contained in paragraph 122 of the Complaint, Outfront denies those allegations.

123. As to the allegations contained in paragraph 123 of the Complaint, Outfront denies those allegations.

124. As to the allegations contained in paragraph 124 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

125. To the extent allegations contained in paragraph 125 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 125 of the Complaint, Outfront denies those allegations.

126. To the extent allegations contained in paragraph 126 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 126 of the Complaint, Outfront denies those allegations.

127. To the extent allegations contained in paragraph 127 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 127 of the Complaint, Outfront denies those allegations.

## SEVENTH CAUSE OF ACTION

128. As to paragraph 128, Outfront incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-127, above.

129. Paragraph 129 of the Complaint consists exclusively of a statement of law for which no response is required.

130. To the extent allegations contained in paragraph 130 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 130 of the Complaint, Outfront denies those allegations.

131. To the extent allegations contained in paragraph 131 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 131 of the Complaint, Outfront denies those allegations.

132. To the extent allegations contained in paragraph 132 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 132 of the Complaint, Outfront denies those allegations.

133. To the extent allegations contained in paragraph 133 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 133 of the Complaint, Outfront denies those allegations.

134. Paragraph 134 of the Complaint consists exclusively of a statement of law for which no response is required.

135. As to the allegations contained in paragraph 135 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

136. To the extent allegations contained in paragraph 136 of the Complaint

consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 136 of the Complaint, Outfront denies those allegations.

137. To the extent allegations contained in paragraph 137 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 137 of the Complaint, Outfront denies those allegations.

138. To the extent allegations contained in paragraph 138 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 138 of the Complaint, Outfront denies those allegations.

**EIGHTH CAUSE OF ACTION**

139. As to paragraph 139, Outfront incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-138, above.

140. As to the allegations contained in paragraph 140 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

141. As to the allegations contained in paragraph 141 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

142. As to the allegations contained in paragraph 142 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

143. As to the allegations contained in paragraph 143 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

144. As to the allegations contained in paragraph 144 of the Complaint,

Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

145. As to the allegations contained in paragraph 146 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

146. As to the allegations contained in paragraph 146 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

## NINTH CAUSE OF ACTION

147. As to paragraph 147, Outfront incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-146, above.

148. As to the allegations contained in paragraph 148 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

149. As to the allegations contained in paragraph 149 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

150. As to the allegations contained in paragraph 150 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

151. As to the allegations contained in paragraph 151 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

152. As to the allegations contained in paragraph 152 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

**TENTH CAUSE OF ACTION**

153. As to paragraph 153, Outfront incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-152, above.

154. To the extent allegations contained in paragraph 154 of the Complaint consist of statements and conclusions of law, no response is required. As to the factual allegations contained in paragraph 154, Outfront admits it is paid a fee by advertisers leasing space on the Billboard, but denies all remaining factual allegations set forth in this paragraph.

155. As to the allegations contained in paragraph 155 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

156. To the extent allegations contained in paragraph 156 of the Complaint consist of statements and conclusions of law, no response is required. As to any factual allegations contained in paragraph 156 of the Complaint, Outfront denies those allegations.

157. As to the allegations contained in paragraph 157 of the Complaint, Outfront denies those allegations.

158. As to the allegations contained in paragraph 158 of the Complaint, Outfront lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

**PRAYER FOR RELIEF**

The remainder of the Complaint contains Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed necessary, Outfront denies the allegations in Plaintiffs' prayer for relief and further avers that Plaintiffs are not entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

Outfront submits the following additional defenses and expressly reserves the right to assert other defenses if, among other things, the facts developed during discovery warrant amendment.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. Outfront alleges the Complaint and each and every claim contained therein fails to state facts sufficient to constitute a cause of action against Outfront.

## SECOND AFFIRMATIVE DEFENSE

**(Contribution and Comparative Fault)**

2. Outfront is informed and believes and thereon alleges that co-defendants and/or third parties proximately contributed to and/or caused the events giving rise to Plaintiffs' alleged losses, and that therefore such conduct and/or acts comparatively reduces the liability attributable to Outfront, if any.

## THIRD AFFIRMATIVE DEFENSE

**(Copyright Preemption)**

3. Pursuant to section 301 of the Copyright Act, Plaintiffs are precluded from asserting the common law and state statutory claims as set forth in the Complaint that are equivalent to any of the exclusive rights that are within the general scope of copyright as specified by 17 U.S.C. Section 106, and come within the subject matter of copyright as specified by 17 U.S.C. Sections 102 and 103.

## FOURTH AFFIRMATIVE DEFENSE

**(Infringement of Others)**

4. Outfront alleges that co-defendants, persons and/or entities other than Outfront were themselves responsible for the Plaintiff's claimed damages, if any. Outfront requests its liability, if any, be assessed in proportion to the liability of Plaintiff, co-defendants, persons and/or entities other than Outfront, and that Outfront be required to pay only for its proportionate share of fault, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Indemnification)**

5. To the extent Outfront is, for whatever reason deemed wholly or partially responsible for the Plaintiffs' claimed damages, Co-defendant AIIA is contractually obligated to indemnify Outfront for, among other things, Plaintiffs' damages, if any, attorneys fees and costs related thereto.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees or Statutory Damages Pursuant to 17 U.S.C. Sections 504 and 505)**

6. With respect to Plaintiffs' claims founded on 17 U.S.C. Section 101 et. sec., Plaintiffs are not entitled to a recovery of attorneys' fees or statutory damages pursuant to 17 U.S.C. Sections 504 and 505 because Plaintiffs failed to register their alleged copyright interest in the work at issue prior to the infringement alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Contrary to Public Policy)**

7. The U.S. Supreme Court recognized in *Metromedia, Inc. v. San Diego*, 453 U.S. 490 (1981) that "[b]illboards are a well-established medium of communication, used to convey a broad range of different kinds of messages." *Id.* at 501 (citing *Metromedia, Inc. v. San Diego*, 26 Cal. 3d 848, 888 ["The outdoor sign or symbol is a venerable medium for expressing political, social and commercial ideas."]). Similarly, the federal trade commission has publicly stated that "[s]ellers are responsible for claims they make about their products and services" while third parties - such as advertising agencies - may be liable only where they participate in the preparation or distribution of the advertising, *or know about the deceptive claims*." https://www.ftc.gov/tips-advice/business-center/guidance/advertising-marketing-internet-rules-road (last accessed on March 10, 2022; emphasis added [stating that when determining whether an ad agency should be held liable, "the

FTC looks at the extent of the agency's participation in the preparation of the challenged ad, and whether the agency knew or should have known that the ad included false or deceptive claims.”]). Inherent in the foregoing is a public policy that supports the existence of an advertising medium for expressing political, social and commercial ideas. In light of the foregoing, absent a showing that Outfront knew or should’ve known of the co-defendants’ misappropriation and manipulation of the allegedly infringing image, it is contrary to public policy to hold the owner of an outdoor advertisement facility liable for the content posted thereon. As such, each and every purported cause of action asserted against Outfront in this action should be rejected as contrary to public policy that supports the existence of a medium for expressing political, social and commercial ideas.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement)**

8. To the extent this Court determines, for whatever reason, that Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. Section 504, the extent and amount of liability as to Outfront, if any, should be reduced pursuant to that same statute on the basis that Outfront is, at best, an innocent infringer.

**NINTH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses)**

9. Outfront does not currently have sufficient knowledge or information about whether it may have affirmative defenses in addition to those stated in this Answer. Therefore, Outfront reserves the right to amend this Answer to assert any such affirmative defenses at or before trial as additional information is obtained through discovery and investigation.

**DEFENDANT’S PRAYER**

WHEREFORE, Outfront prays as follows:

1. Plaintiffs take nothing by the Complaint;

2. Judgment be rendered in favor of Outfront;

3. Outfront be awarded costs of suit;

4. Outfront be awarded its attorneys' fees incurred in the defense of this action; and

5. Outfront be awarded whatever further relief the Court deems just and proper.

DATED: March 23, 2022

JONATHAN S. PINK
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ______________________________
JONATHAN S. PINK
Attorneys for Defendant OUTFRONT MEDIA OUTERNET INC.

**CROSS-CLAIM AGAINST AUTO INTERNATIONAL INSURANCE AGENCY, INC.**

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Cross-Claimant OUTFRONT MEDIA OUTERNET INC. ("Outfront"), files this Cross-Claim against AUTO INTERNATIONAL INSURANCE AGENCY, INC., a California corporation ("AIIA"), and allege as follows:

**I.**
**JURISDICTION AND VENUE**

1. This cross claim arises out of the transactions and occurrences that are the subject matter of Plaintiffs' Complaint on file herein and relates to the display advertisement that is the subject matter of said action. This Court has jurisdiction over this Cross-Claim and the parties to it under 28 USC §§1331 and 1343, and Fed. R. of Civ. Pro. Rule 13.

2. Venue is proper in this district pursuant to 28 USC §1391 (b),(c) because the events or omissions giving rise to the claim occurred here, and the subject billboard at issue is situated here.

**II.**
**PARTIES/FACTS**

3. Outfront is informed and believes that AIIA is a Corporation doing business in the State of California and is the owner and creator of the print advertising complained of by Plaintiffs, which is the subject of this litigation.

4. On or about February 10, 2020, Plaintiffs filed a Complaint against Defendant/Cross-Claimant Outfront seeking damages and remedies under state and federal law. Plaintiffs allege in that lawsuit that defendants created an unauthorized derivative of a copyright-protected photograph owned by Plaintiffs. Plaintiffs

further allege that in doing so, the defendants violated Plaintiffs' copyright interest, right of publicity, Lanham Act rights, and generally engaged in unfair business practices under California law by displaying the allegedly infringing image (the "allegedly infringing image") on an outdoor advertising structure owned by Outfront (the "Billboard").

5. Pursuant to a lease agreement dated April 23, 2021, entered into between Outfront and AIIA (the "Agreement"), AIIA promised to indemnify and defend Outfront for all injuries Plaintiffs have claimed in this lawsuit relating to the posting of the allegedly infringing image. Specifically, the Agreement provides in relevant part "Advertiser [AIIA] shall indemnify, defend and save harmless Company and Owner [Outfront] against all claims and liabilities (including reasonable attorneys' fees and expenses) arising out of the advertising material displayed under this Contract, including, but not limited to, any claim for defamation, any claim for infringement of any copyright, trademark, or other intellectual property right, or any claim for violation of any right of privacy, common law right or any other right of any person or entity."

6. On or about March 21, 2022, Outfront notified, demanded, and informed AIIA that it must indemnify and defend Outfront against the charges and claims set forth in Plaintiffs' Complaint pursuant to the above-quoted terms of the Agreement. As of the date Outfront filed this cross-action, Outfront has not received a response to that demand.

**FIRST CAUSE OF ACTION**
**FOR INDEMNIFICATION**
**(Against Cross-Defendant AIIA)**

7. Outfront incorporates herein by reference and thereby realleges each and every allegation set forth in Paragraphs 1 through 6 above.

8. Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure,

Outfront files this Cross-Claim against AIIA for indemnity and defense pursuant to the Agreement. AIIA is responsible for the creation of the allegedly infringing image, e.g. the advertising material displayed on the Billboard pursuant to the terms of the Agreement, as alleged by Plaintiffs, and as such is contractually obligated to assume liability (vis-a-vis Outfront) for any claim asserted by Plaintiffs herein founded on infringement of any copyright, trademark, or other intellectual property right, or any claim for violation of any right of privacy, common law right or any other right of any person or entity.

9. Based on the foregoing, Outfront seeks an award of its attorneys' fees and costs incurred to defend the underlying lawsuit and seeks to have AIIA indemnify and defend Outfront for any liability founded on Plaintiffs' claims pursuant to the terms and provisions of the Agreement.

WHEREFORE, Defendant/Cross-Claimant prays for relief and judgment as follows:

1. That this Answering Defendant's Cross-Claim against AIIA be granted;

2. For an Order declaring that AIIA must indemnify and defend Outfront against Plaintiffs' claims in the underlying lawsuit, and enforcing the terms and provisions of the Agreement with respect to a reimbursement of all attorneys' fees and costs incurred by Outfront in connection with, relating to or arising out of the same; and

3. For such other and further relief as this Court may deem just and proper.

DATED: March 23, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ______________________________

JONATHAN S. PINK
Attorneys for Defendant OUTFRONT MEDIA OUTERNET INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, OUTFRONT MEDIA OUTERNET INC. hereby demands a trial by jury of all issues triable by jury.

DATED: March 23, 2022

JONATHAN S. PINK
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Jonathan S. Pink*
JONATHAN S. PINK
Attorney for Defendant OUTFRONT MEDIA OUTERNET INC.

FEDERAL COURT PROOF OF SERVICE

***Adriana's Insurance Services Inc. v. Auto International Insurance Agency, Inc., et al.***

Case No. USDC-Central, Southern Division – 8:22-cv-00174-JLS-ADS

UNITED STATES DISTRICT COURT

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 23, 2022, I served the following document(s): **DEFENDANT OUTFRONT MEDIA OUTERNET INC.'S ANSWER TO PLAINTIFFS' COMPLAINT; CROSS-COMPLAINT FOR INDEMNITY AGAINST AUTO INTERNATIONAL INSURANCE AGENCY, INC.; DEMAND FOR JURY TRIAL**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

STUBBS ALDERTON & MARKILES, LLP
Daniel A. Rozansky (SBN 161647)
drozansky@stubbsalderton.com
Michael A. ernet (SBN 306657)
mbernet@stubbsalderton.com
15260 Ventura Boulevard, 20' Floor
Sherman Oaks, California 91403
Telephone: (818) 444-4500
Facsimile: (818) 444-4520

Attorneys for Plaintiffs

HARPER & HEIM
Jon Stanley Heim (SBN 105808)
harperandheim@gmail.com
7250 Redwood Boulevard, Suite 300
Novato, CA 94945
Telephone: (415) 761-8700
Facsimile: (510) 964-7661

The documents were served by the following means:

(BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 23, 2022, at Costa Mesa, California.

*/s/ Hashim Hashimi*
Hashim Hashimi

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW